**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



May 18, 2021

Paul R. Schlitz, Jr., Esq.
Mering & Schlitz LLC
343 North Charles Street
Baltimore, Maryland 21201

Jamie Dixon, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd., Room 617
Baltimore, MD 21235

      Subject:    *Jennifer C. v. Saul*
                     Civil No. GLS 20-1354

Dear Counsel:

Pending before this Court are cross-motions for summary judgment. (ECF Nos. 15, 16). The Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

**I.    BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on December 10, 2016, alleging that disability began on June 6, 2011. (Tr. 10). This claim was initially denied on June 7, 2017, and upon reconsideration, denied again on November 3, 2017. *Id.* Plaintiff's request for a hearing was granted and the hearing was conducted on February 6, 2019 by an Administrative Law Judge ("ALJ"). *Id.* On April 25, 2019 the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 22). On April 14, 2020, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-6).

*Jennifer C. v. Saul*
Civil No. GLS 20-1354
May 18, 2021
Page 2

## II.   ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the Administrative Law Judge ("ALJ") engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). If the first three steps are not conclusive, the ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., the most the claimant could do despite her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that she is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id*. at 180.

At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 11-22). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 6, 2011, the alleged onset date of Plaintiff's disability, through September 30, 2018, the date last insured. (Tr. 12). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: patellofemoral syndrome, degenerative disc disease of the lumbar spine, generalized anxiety disorder, unspecified mood disorder, other developmental disorder of scholastic skills, depressive disorder, mild degree of mental deficiency

*Jennifer C. v. Saul*
Civil No. GLS 20-1354
May 18, 2021
Page 3

in intellectual functioning, and unspecified depressive and anxiety disorder. (Tr. 18). Recognizing those severe impairments, the ALJ found that they were "medically determinable had lasted or could have been expected to last more than 12 months and cause more than a minimal limitation in the claimant's ability to perform work-related activities." (Tr. 11). However, at step three, the ALJ cited to record evidence and held that none of Plaintiff's physical impairments alone, or in combination, met or medically equaled one or more of the Listings. (Tr. 14, 18). Regarding Plaintiff's mental impairments, the ALJ pointed to specific medical records and found that Plaintiff had "moderate difficulties in concentrating, persisting and maintaining pace," and that she had a moderate limitation "in understanding, remembering, and applying information." (Tr. 14-15). The ALJ determined that Plaintiff had the RFC to perform light work, but with the following limitations:

> [Plaintiff] has the residual functional capacity to perform light work . . ., except that [Plaintiff] can perform simple and routine tasks that do not require reading ability in a setting with *no production pace work* and only occasionally and superficial changes. [Plaintiff] can have occasional and superficial interaction with the general public and occasional interaction with coworkers and supervisors . . . but can perform no work as part of a coordinated team.

(Tr. 17) (emphasis supplied). At the hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same age, education, and work experience as the Plaintiff with her RFC could perform Plaintiff's prior work as a counter clerk and car jockey. (Tr. 54-58). The VE testified that this hypothetical individual could perform work as a car jockey, but not as a counter clerk. (Tr. 57). At no point during the hearing did the ALJ define the phrase "no production pace work." Nor did the ALJ define that phrase in her written opinion. (Tr. 1-22, 54-59). Ultimately, the ALJ determined that Plaintiff was not disabled because she was capable of performing past relevant work as a car jockey. (Tr. 22).

### III.   DISCUSSION

In requesting summary judgment, Plaintiff advances the following arguments: (1) the ALJ's conclusion that Ms. Creighton can perform work as a car jockey without her father's assistance is not supported by substantial evidence. Relatedly, Plaintiff contends that the ALJ's failure to define "no production pace work" in her RFC assessment is enough to warrant remand to the ALJ for further proceedings; (2) the ALJ's determination that she can perform the light work required of a car jockey lacks evidentiary support; and (3) the ALJ improperly found her to have only a moderate limitation in understanding, remembering, and applying information, as opposed to a marked limitation. (ECF No. 15-1, pp. 5-8). For reasons explained below, I agree with Plaintiff's challenge related to the phrase "no production pace work." Accordingly, I find remand appropriate.

Plaintiff argues that her RFC assessment is not supported by substantial evidence. Specifically, relying upon *Perry v. Berryhill*, 765 Fed. App'x. 869 (4th Cir. 2019), Plaintiff avers

*Jennifer C. v. Saul*
Civil No. GLS 20-1354
May 18, 2021
Page 4

that the ALJ does not define the term "no production pace work," so "it is impossible to tell whether the mental RFC finding. . . properly accounts for her moderate limitations in concentration, persistence, and pace. (ECF No. 15-1, pp. 5-6). The SSA counters that Plaintiff's argument fails for the following reasons: (1) The Fourth Circuit in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), rejected a "categorical approach of substantial evidence review," requiring only that an ALJ perform an individualized assessment. Such an assessment occurred in the instant case;  (2) the Dictionary of Occupational Titles (DOT) defines the phrase "production rate pace," so no ambiguity exists here regarding the ALJ's use of the phrase "no production pace work;" (3) at the hearing, the VE never expressed confusion as to the meaning of "no production pace work;" (4) at the hearing, Plaintiff's counsel failed to object to or inquire about the meaning of "no production pace work;" and (5) there were other factors present in *Thomas* that led the court to conclude remand was warranted; here, no such additional factors exist.  (ECF No. 16-1, pp. 15-17).

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R.  § 416.925(a)(2).  The regulations make clear that an ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." *See* Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). In addition, in *Thomas*, the Fourth Circuit held that an ALJ's RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. 916 F.3d at 312. If an RFC analysis lacks any of these components, the court is precluded from performing meaningful review.  *Id*.  Moreover, the second component, the ALJ's logical explanation "is just as important as the other two." *Id.; see also Petry v. Comm'r, Soc. Sec. Admin.*, Case No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion"); *Perry*, *supra*, 765 Fed. Appx. at 871 (decision "must include a narrative discussion describing how the evidence supports each conclusion").

It follows that clarity in terminology used in an RFC enables a reviewing court to assess whether there is a "logical bridge" between the record evidence and the conclusion reached by the ALJ. *See Angela W. v. Saul*, Civ. No. CBD 19-2083, 2021 WL 1215774, at *7 (D. Md. Mar. 31, 2021).  If a term is not clearly defined, then its ambiguity frustrates this Court's meaningful review of the ALJ's decision.  *See Thomas,* 916 F.3d at 312 (remand appropriate where court did not define the terms "production rate" and "demand pace").

This Court finds *Thomas, Perry and Angela W.*  to be instructive. In *Thomas*, the ALJ found that the claimant suffered from severe mental and physical impairments, but that she had the RFC to perform "light work." The ALJ also found that she was "able to follow short simple instructions and perform routine tasks, but no work requiring a production rate or demand pace." 916 F.3d at 310-12. The *Thomas* court held that the ALJ did perform an individualized assessment of the claimant, but the RFC fashioned was deficient for a variety of reasons, including that the ALJ "did not give [the court] enough information to understand what the terms "requiring a production rate or demand pace" meant.  Thus, the court found "it difficult, if not impossible, [to] assess whether

*Jennifer C. v. Saul*
Civil No. GLS 20-1354
May 18, 2021
Page 5

their inclusion in Thomas's RFC [was] supported by substantial evidence." Remand was required. 916 F.3d at 312. In *Perry*, the ALJ performed an individualized assessment of the claimant and concluded that a stroke limited his mental and physical capacity to work. The ALJ fashioned an RFC with the limitation that he could perform only "unskilled work [in a] non-production oriented work setting." 765 Fed. App'x 871. The *Perry* court found that the phrase "non-production oriented work setting" was not defined by the ALJ, in the regulation, or in case law, and was not subject to a common meaning. Because the *Perry* court could not determine what the ALJ meant by using this phrase, or whether a "logical bridge" existed between the evidence and this RFC limitation, it could not meaningfully review the ALJ's determination. Thus, remand was required. 765 Fed. App'x at 872. In *Angela W.*, the ALJ found that the claimant had severe impairments, including anxiety disorder. The ALJ imposed a limitation in the claimant's RFC that she "would be able to understand, remember and carry out simple instructions, and have occasional contact with the public and coworkers. . .[and] would be precluded from production rate pace." 2021 WL 1215774, at *5. The defendant argued that substantial evidence supported the ALJ's RFC finding, and that *Thomas* requires that the substantial evidence inquiry be performed on a "case by case" basis. 2021 WL 1215774, *5. The Defendant also argued that the DOT defined "production rate pace," and contented that case law supported this definition. According to the defendant, then, the court could meaningfully review the RFC and the ALJ's use of the phrase. *Id.* The *Angela W.* court disagreed, finding that: (1) the ALJ failed to define the term "production rate pace;" (2) even if the court accepted that the DOT defined the phrase, there was no "precise definition for [this phrase] that [could] be applied to all cases as a common term;" and (3), the ALJ failed to clearly explain what medical records/ evidence supported the pace-related conclusion, and also failed to building a bridge by clearly articulating how that evidence translated into the decision that a "production rate pace" limitation was appropriate. 2021 WL 1215774, at *7.

Analyzing the facts of this case pursuant to *Thomas*, *Perry*, and *Angela W.*, I find that remand is required. First, the ALJ never defined the phrase "no production pace work," either in her opinion or at the hearing. Second, although the defendant says the DOT defines "production rate pace" as referring to work that "entail the stress and strain of maintaining constant repetitive movements," *see* ECF No. 16-1, p. 17, I find the ALJ's use of the phrase ambiguous at best, given the ALJs findings about Plaintiff's physical and mental impairments. For example, the ALJ found that there was no objective medical evidence to support claimant's allegations about the persistence, intensity, and limiting effects of her physical symptoms that preclude her from working (Tr. 17-19). Regarding Plaintiff's mental impairments, the ALJ pointed to specific medical records and found that Plaintiff had "moderate difficulties in concentrating, persisting and maintaining pace," and that she had a moderate limitation "in understanding, remembering, and applying information." The ALJ also found that Plaintiff's complaints about the intensity, persistence, and limiting effects of them were contradicted by her admitted daily activities and objective medical evidence. (Tr. 14-15, 19-20). When explaining how she fashioned the RFC, the ALJ never mentions the phrase "no production pace work," nor does she link it to objective or subjective record evidence about Plaintiff's physical or mental impairments. There is no narrative discussion of the evidence that let the ALJ to include this limitation in the RFC: which mental difficulties or physical impairments led to the limitation? Regrettably, the phrase just appears without any logical explanation. Third, I find the Defendant's arguments that both the VE and

*Jennifer C. v. Saul*
Civil No. GLS 20-1354
May 18, 2021
Page 6

Plaintiff appeared to understand the ALJ's use of the term "production pace" at the time of the hearing unpersuasive.  This court has previously found a similar argument unavailing. *See Keith B. v. Saul*, Civ. No. 19-0803-GLS, 2020 WL 3439261, at *3 (D. Md. June 23, 2020) (remand warranted where the ALJ failed to define "production pace work" in his RFC analysis despite the SSA's argument that claimant's counsel did not object or express any confusion about the definition of the phrase); *see also Geneva W. v. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019)(although a VE's conclusion does not reflect any confusion about terms used by an ALJ, a court has an independent duty to determine if substantial evidence supports and ALJ's RFC finding).

In sum, this Court cannot meaningfully review the ALJ's decision without evidence, a logical explanation, and a conclusion.  *Thomas*, at 312. Because I cannot discern whether the limitation in the RFC properly accounts for her mental and physical impairments, remand is required.  On remand, the ALJ should define "no production pace work," and explain what evidence supports this conclusion and logically link the evidence by explaining how it translates into that RFC limitation.

As this case is being remanded on other grounds, this Court will not address Plaintiff's remaining arguments.

Despite remanding this case for further findings consistent with this opinion, I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 15), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 16), is DENIED.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk of the Court is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge